UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERB L. GADBURY, | No. 2:15-cv-2015 AC (TEMP) P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of a magistrate judge. ECF No. 6.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12    III.    Plaintiff's Allegations

13  At all times relevant to this action, plaintiff was housed at California Health Care Facility
14 ("CHCF") in Stockton, California. Plaintiff names as defendants the State of California, Appeals
15 Examiner K.J. Allen, and CHCF Warden Brian Duffy.

16  Plaintiff's specific allegations are minimal. He contends only that he has been unable to
17 consume any milk or cheese since the age of 6 due to health reasons, and he has been a vegetarian
18 since the age of 10 for (unspecified) religious beliefs. When plaintiff entered the California
19 prison system at the age of 40, he received a doctor's order for a dairy-free vegetarian diet. Upon
20 his transfer to CHCF, though, he was given a standard vegetarian diet with milk, cheese and fish
21 when it appeared on the menu. This causes him health issues and violates his religious rights.

22  The following details are gleaned from the grievances attached to the complaint:

23  Following CHCF's refusal to provide plaintiff with a modified vegetarian diet, plaintiff
24 filed an appeal with Health Care Services. On March 5, 2014, his appeal was granted at the
25 second level of review, and he received a doctor's order for a lacto-ovo vegetarian diet excluding
26 dairy products and substituting peanut butter for cheese.

27  Despite this doctor's order, plaintiff was again not provided a modified vegetarian diet.
28 On July 18, 2014, plaintiff filed a grievance concerning this issue, and on December 11, 2014,

3

defendant Warden Duffy denied the grievance at the second level of review on the grounds that plaintiff was not approved for a medical diet and that he was approved for, and was receiving, a standard vegetarian diet. Plaintiff was directed to speak to his physician to discuss his medical diet concerns.

Plaintiff appealed this denial with a copy of the March 5, 2014, doctor's order. In light of this evidence, the Office of Appeals remanded the matter to the CHCF Appeals Coordinator on March 27, 2015, with a directive "to gather current information from both Medical staff and Food Services staff regarding [plaintiff's] special diet relative to this appeal issue."

On July 31, 2015, defendant Appeals Examiner K.J. Allen denied plaintiff's appeal at the third level of review after concluding that his grievance "has been appropriately reviewed and evaluated by the institution," and that "[a]ccording to the medical records, the appellant is not currently approved for a medical diet." CHCF informed the Appeals Examiner that when plaintiff was moved from a facility with a higher level of care, where his special diet was approved, to a facility with a lower level of care, "all of his dietary accommodations were discontinued." Plaintiff was thus again "advised to consult his current healthcare provider for any new requests in relation to his diet."

Plaintiff seeks an order directing defendants at CHCF to (1) substitute smart milk (soy) for regular milk, (2) to substitute peanut butter for cheese, and (3) to exclude all meat, including fish, from his food trays. He also seeks nominal damages in the amount of $1.00.

IV.     Discussion

As plead, plaintiff's complaint does not state a claim against any of the named defendants. Plaintiff's claim against Warden Duffy and Appeals Examiner K.J. Allen appears to be based solely on their respective roles in denying plaintiff's grievance at the second and third levels of review. Insofar as plaintiff seeks to impose liability based on their mere participation in the grievance process, his claim fails. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff's claim against the State of California also fails. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

"The Eleventh Amendment also bars 'declaratory judgments against the state governments that would have the practical effect of requiring the state treasury to pay money to claimants.'" North East Medical Services, Inc. v. California Dep't of Health Care Srvs., 712 F.3d 461, 466 (9th Cir. 2013) (quoting Taylor v. Westly, 402 F.3d 924, 929-30 (9th Cir. 2005)).  However, the Eleventh Amendment does not generally bar suits for prospective declaratory or injunctive relief against state officials acting in their official capacities for violations of federal law.  North East Medical Services, Inc., 712 F.3d at 466; Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012).  A state can waive Eleventh Amendment immunity, but the consent must be expressed unequivocally.  Young v. Hawaii, 911 F. Supp. 2d 972, 982 (D. Haw. 2012).  California has not waived immunity for claims brought for injunctive relief or damages pursuant to Section 1983.  Brown v. California Dep't of Corrections, 544 F.3d 747, 752 (9th Cir. 2009).

For these reasons, the complaint will be dismissed.  Nonetheless, liberally construed, plaintiff may be able to state claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Eighth Amendment if he can assert additional facts, as discussed infra.  Thus, leave to amend will be granted.

        A.        First Amendment Free Exercise

"Inmates clearly retain protections afforded by the First Amendment ... including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted).  Nevertheless, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. at 348.  "Inmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).

To implicate the Free Exercise Clause, plaintiff must demonstrate that prison officials substantially burdened the free exercise of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).  The underlying religious belief must be "sincerely held." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur, 514 F.3d at 884-85 (noting that the

"sincerity test," not the "centrality test," applies to a free exercise analysis).

Plaintiff must also demonstrate that the burden on the free exercise of his sincerely held religious beliefs is substantial. "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial[.]" Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (citation and internal quotation marks omitted), overruled in part on other grounds by Shakur, 514 F.3d at 884-85. A substantial burden exists where the state "put [s] substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" Thomas v. Review Board, 450 U.S. 707, 718 (1981).

If plaintiff chooses to file an amended complaint, he must specify what his religion is, whether his religious beliefs are sincerely held, in what way maintaining a vegetarian diet is consistent with his religious principles, and how defendants' conduct substantially burdens the exercise of plaintiff's religion..

                B.      The Religious Land Use and Institutionalized Persons Act

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides more stringent protections than those accorded by the First Amendment. Under RLUIPA, a government may not impose a substantial burden on the religious exercise of a confined person unless the government establishes that the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA must be "construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C. § 2000cc-3(g)).

First, a plaintiff must show that the exercise of his religion is at issue; this includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Next, the plaintiff bears the burden of establishing that the defendant's conduct substantially burdened his religious exercise. See 42 U.S.C. § 2000cc-1. Significantly, as discussed above, plaintiff must allege facts supporting the conclusion that defendants burdened his religious exercise.

Plaintiff is advised that, under RLUIPA, he may proceed against a defendant only in his or her official capacity for prospective injunctive relief. See Jones v. Williams, 791 F.3d 1023, 1031

(9th Cir. June 26, 2015) (citing <u>Sossamon v. Texas</u>, 563 U.S. 277, 131 S. Ct. 1651, 1658-59 (2011); <u>Wood v. Yordy</u>, 753 F.3d 899, 903-04 (9th Cir. 2014); and <u>Oklevueha Native Am. Church of Haw. v. Holder</u>, 676 F.3d 829, 840-41 (9th Cir. 2012)).  Money damages are not available under RLUIPA against state officials sued in their official capacities, <u>Alvarez v. Hill</u>, 667 F.3d 1061, 1063 (9th Cir. 2012), or in their individual capacities, <u>Wood</u>, 753 F.3d at 901.  However, plaintiff may obtain declaratory relief on his RLUIPA and Section 1983 claims.  <u>See</u> <u>Mayweathers v. Swarthout</u>, 2011 WL 2746067 at *10 (E.D. Cal. July 14, 2011) (findings and recommendations, adopted by order filed Aug. 26, 2011) (collecting cases).

      C.     <u>Eighth Amendment Medical Care</u>

While the Eighth Amendment entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012); <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Id</u>, 680 F.3d at 1122.  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  <u>Snow</u>, 681 F.3d at 985 (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122.

In an amended complaint, plaintiff must allege specific facts regarding both his medical needs and how defendants' response to those needs (or the response of any other individual involved in plaintiff's medical care) was deliberately indifferent.

    V.    <u>Conclusion</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 1, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE