UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERB L. GADBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:15-cv-2015 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge.

Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim. Plaintiff has now submitted a letter, which the undersigned construes as a first amended complaint. This pleading will be screened herein.

**I.    Screening Requirement**

The court is required to screen complaints brought by individuals proceeding in forma pauperis seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the complaint contains claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion

1 thereof, that may have been paid, the court shall dismiss the case at any time if the court
2 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
3 granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.    Discussion**

On July 5, 2016, plaintiff's original complaint was dismissed for failure to state a claim against any of the named defendants, California Health Care Facility ("CHCF") Warden Brian Duffy. Appeals Examiner K.J. Allen, and the State of California. His claim against Warden Duffy and Allen were based solely on their respective roles in denying plaintiff's grievance at the second and third levels of review, which were insufficient standing alone to state a claim. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). His claim against the State of California failed entirely under the Eleventh Amendment. Aholelei v. Dep't of Public Safety, 488 F.3d 1144,

2

1  1147 (9th Cir. 2007); Brown v. California Dep't of Corrections, 544 F.3d 747, 752 (9th Cir.
2  2009).

3      Plaintiff's factual allegations in the first amended complaint are minimal. He states only
4  that (a) he eats a Hindu vegan diet, which prohibits meat and dairy, (b) he has certain health
5  problems; and (c) CHCF gives him food that he cannot eat.

6      These minimal allegations convince the undersigned that this pleading must also be
7  dismissed for failure to state a claim. The document fails as a stand-alone pleading because it
8  responds only to certain deficiencies identified in the July 5, 2016, screening order without re-
9  asserting critical facts or identifying the involvement of any individuals; it identifies only the
10 State of California as a defendant, and it attaches numerous exhibits without a sufficient factual
11 underpinning in the pleading.

12     It is evident that plaintiff intends for his filing to supplement his original complaint. This
13 is improper. Local Rule 220 requires that an amended complaint be complete in itself without
14 reference to any prior pleading. As a general rule, an amended complaint supersedes the original
15 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is
16 filed, the original complaint no longer serves any function in the case.

17     The amended pleading will therefore be dismissed. If plaintiff opts to amend, he must
18 address the deficiencies noted in the July 5, 2016, Screening Order and in this Screening Order.
19 Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim
20 that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

21     The amended complaint should be clearly and boldly titled "Second Amended
22 Complaint," refer to the appropriate case number, and be an original signed under penalty of
23 perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as
24 true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
25 level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The amended pleading must also be a
26 stand-alone document. Lous, 375 F. 2d at 57. Therefore, in an amended complaint, as in an
27 original complaint, **each claim and the involvement of each defendant must be sufficiently**
28 **alleged**.

3

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and the July 5, 2016, Screening Order and focus his efforts on curing the deficiencies set forth in them.

### IV.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed;
2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 31, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/;gadb2015.scrn.1AC