UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERB L. GADBURY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:15-cv-2015 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge.

After plaintiff's complaint was dismissed on July 5, 2016, with leave to amend for failure to state a claim, plaintiff filed a letter responding to certain deficiencies identified in the screening order. This letter was construed as a first amended complaint and also dismissed with leave to amend for failure to state a claim. Plaintiff has now resubmitted his original complaint.

**I.    Screening Requirement**

The court is required to screen complaints brought by individuals proceeding in forma pauperis seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the complaint contains claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.    Plaintiff's Allegations**

At all times relevant to this action, plaintiff was housed at California Health Care Facility ("CHCF") in Stockton, California. Plaintiff names as defendants the State of California, Appeals Examiner K.J. Allen, and CHCF Warden Brian Duffy.

Plaintiff's specific allegations are minimal. He contends only that he has been unable to consume any milk or cheese since the age of 6 due to health reasons, and he has been a vegetarian since the age of 10 for religious beliefs. When plaintiff entered the California prison system at the

age of 40, he received a doctor's order for a dairy-free vegetarian diet. Recently, he was given only a standard vegetarian diet with milk, cheese and fish when it appeared on the menu. This causes him health issues and violates his religious rights.

The following details are gleaned from the grievances attached to the complaint:

Following CHCF's refusal to provide plaintiff with a modified vegetarian diet[1], plaintiff filed an appeal with Health Care Services. On March 5, 2014, his appeal was granted at the second level of review, and he received a doctor's order for a lacto-ovo vegetarian diet excluding dairy products and substituting peanut butter for cheese.

Despite this doctor's order, plaintiff was again not provided a modified vegetarian diet. On July 18, 2014, plaintiff filed a grievance concerning this issue, and on December 11, 2014, defendant Warden Duffy denied the grievance at the second level of review. Warden Duffy explained that diets can be modified for medical and religious reasons. While plaintiff was receiving a vegetarian diet per his religious beliefs, he was directed to speak to his physician to discuss his medical diet concerns.

Plaintiff appealed this denial with a copy of the March 5, 2014, doctor's order. In light of this evidence, the Office of Appeals remanded the matter to the CHCF Appeals Coordinator on March 27, 2015, with a directive "to gather current information from both Medical staff and Food Services staff regarding [plaintiff's] special diet relative to this appeal issue."

On July 31, 2015, defendant Appeals Examiner K.J. Allen denied plaintiff's appeal at the third level of review after concluding that, "[a]ccording to the medical records, the appellant is not currently approved for a medical diet." CHCF informed the Appeals Examiner that when plaintiff was moved from Facility D, with a higher level of care (where his special diet was approved), to Facility C, a lower level of care, all of his dietary accommodations were discontinued. Plaintiff was thus again "advised to consult his current healthcare provider for any new requests in relation to his diet."

////

---

[1] A grievance attached to the complaint suggests that plaintiff is Hindu. See Compl. (ECF No. 14 at 15).

Plaintiff initiated this action on September 21, 2015, and seeks an order directing defendants at CHCF to (1) substitute smart milk (soy) for regular milk, (2) to substitute peanut butter for cheese, and (3) to exclude all meat, including fish, from his food trays. He also seeks nominal damages in the amount of $1.00.

**IV.    Discussion**

Plaintiff's complaint, of course, suffers from the same infirmaries previously identified in the July 15, 2016, screening order. Even if plaintiff had properly asserted his claims against a defendant, the court again notes that there is no constitutional violation on the facts alleged.

Insofar as plaintiff alleges an Eighth Amendment medical indifference claim, he has failed to properly allege deliberate indifference to his serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To establish an Eighth Amendment medical indifference claim, plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Id, 680 F.3d at 1122. The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Construing plaintiff's lactose intolerance as a serious medical need, the allegations establish that the decision to decline plaintiff's request for a dairy-free diet was because plaintiff did not have a current medical directive for such a dietary modification. There is no claim that plaintiff was denied an updated dietary modification from a medical care provider or that he received an updated dietary modification that is not being followed by institutional staff. There is thus no deliberate indifference on the facts alleged.

////

Additionally, plaintiff was previously informed of the requirements for asserting a First Amendment Free Exercise claim. To implicate the Free Exercise Clause, plaintiff must demonstrate that prison officials substantially burdened the free exercise of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). The underlying religious belief must be "sincerely held." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); see also Shakur, 514 F.3d at 884-85 (noting that the "sincerity test," not the "centrality test," applies to a free exercise analysis). Plaintiff must also demonstrate that the burden on the free exercise of his sincerely held religious beliefs is substantial. "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial[.]" Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (citation and internal quotation marks omitted), overruled in part on other grounds by Shakur, 514 F.3d at 884-85. A substantial burden exists where the state "put [s] substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" Thomas v. Review Board, 450 U.S. 707, 718 (1981).

Here, plaintiff does not allege that he is being denied a vegetarian diet. Instead, his claim seems to be premised on the fact that his meals continue to include certain meat products. This appears to follow from California Code of Regulations, title 15, § 54080.14, which provides, in relevant part:

> Institution vegetarian meals shall be lacto-ovo vegetarian (includes dairy products and eggs), and may contain fish when it appears on the menu. Inmates with determined religious, personal, or ethical dietary needs and showing a Religious Diet Card shall be provided with an approved vegetarian protein alternate, often from that same days' scheduled meal. Inmates may participate in the program, by submitting to any appropriate Chaplain a CDCR Form 3030 Religious Diet Request.

Plaintiff free exercise claim fails because he does not allege how the occasional inclusion of eggs or fish (see Institutional Weekly Vegetarian Menus (ECF No. 11 at 10-16)) substantially burdens his sincerely held religious beliefs. There is also no suggestion that he is being forced to eat these products to avoid the risk of a nutritionally inadequate diet since the July 31, 2015, third level response to plaintiff's grievance notes, and plaintiff does not dispute, that plaintiff is

5

provided with a daily protein of peanut butter and crackers in order to meet the daily caloric requirement for inmates. Thus, plaintiff's free exercise claim must be dismissed.

## IV. Conclusion

Plaintiff's complaint will once again be dismissed for failure to state a claim. The court must now determine whether to allow plaintiff leave to further amend.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

////

Plaintiff has now had three opportunities to state a claim. Following review of the documents filed in this case, including plaintiff's administrative grievances and the weekly institutional vegetarian menus, the undersigned finds that leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that plaintiff's complaint (ECF No. 14) is dismissed without leave to amend.

Dated: June 7, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/;gadb2015.scrn.2AC